Argued July 18, affirmed September 18, 1978

STATE OF OREGON, *Respondent,*
*v.*
CONSTANCE MARGARET SLEEPER, *Appellant.*
(Case No. 77-4754, CA No. 10360)

584 P2d 333

William D. Young, Public Defender Services of Lane County Inc., Eugene, argued the cause and filed the brief for appellant.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

Defendant appeals her conviction for criminal activity in drugs (CAID), ORS 167.207(1) (*repealed* Oregon Laws 1977, ch 745, § 54). Defendant contends that the trial court erred in denying her motion to dismiss on the basis of double jeopardy. We disagree.

On August 19, 1977, defendant was arrested for violation of a city ordinance for driving under the influence of intoxicants (DUII). During a search in the course of the booking procedure, an officer found cocaine in defendant's pocket, so, on August 26, 1977, defendant was separately indicted for CAID, a felony triable in circuit court.

Defendant was convicted of the DUII charge in municipal court on October 12, 1977. Thereafter, defendant moved the circuit court for dismissal of the pending CAID charge contending that the former DUII prosecution in municipal court barred the CAID prosecution in circuit court under the double jeopardy clause of the Oregon Constitution, Article I, section 12.[1]

In *State v. Brown,* 262 Or 442, 458, 497 P2d 1191 (1972), the Oregon Supreme Court held that

"* * * [a] second prosecution is for the 'same offense' and is prohibited if (1) the charges arise out of the same act or transaction, and (2) *the charges could have been tried in the same court,* and (3) the prosecutor knew or reasonably should have known of the facts relevant to the second charge at the time of the original prosecution." (Emphasis supplied.)

According to the above holding, prosecution for a second charge arising out of the same act or transaction as a previous charge is not constitutionally prohibited if the two charges cannot be tried in the same court.

---

[1] Article I, § 12, of the Oregon Constitution provides:

"No person shall be put in jeopardy twice for the same offence (sic) * * *."

■ In the instant case, the municipal court lacked jurisdiction to conduct a trial on the CAID felony charge. Likewise, the circuit court lacked jurisdiction to conduct a trial of the municipal violation.[2] Consequently, the DUII and CAID charges could not be tried together and we conclude under *State v. Brown, supra,* that the second prosecution for the CAID charge was not constitutionally prohibited.

Affirmed.

---

[2] ORS 484.030(1) provides that the circuit court has concurrent jurisdiction with district court of all *state* traffic offenses (except felonies).