Argued and submitted February 20,
affirmed March 17, reconsideration denied May 8,
petition for review denied July 2, 1980 (289 Or 337)

STATE OF OREGON,
*Respondent,*

*v.*

LAWRENCE WOOD JONES,
*Appellant.*

(No. C79-04-31320, CA 15638)

608 P2d 572

Steven M. Rose, Portland, argued the cause and filed the brief for appellant.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

This is a criminal case in which defendant appeals his conviction for possession of a controlled substance. He assigns as error the trial court's denial of his motion to suppress evidence seized from him at the time of his arrest and the court's refusal to grant him an acquittal based upon a claim of former jeopardy. We affirm.

Defendant was validly arrested in Washington Park in the City of Portland for violation of a city ordinance involving possession of an alcoholic beverage. After defendant was placed under arrest and while the officer and the defendant were waiting to load defendant into a patrol wagon, the arresting officer noticed a bulge in defendant's lefthand pocket. The officer commented, "I suppose that is your dope." The defendant made a protective gesture with respect to the bulge; the officer immediately investigated and discovered a plastic bag containing the controlled substance which is the subject of the present charge.

A complaint was filed against defendant accusing him of violating Portland City Code Ordinance No. 144564-the alcohol charge. The offense carried a maximum penalty of six months in jail. Defendant was also charged by information with the felony of possession of a controlled substance. On January 29, 1979, the defendant, representing himself, appeared in Multnomah County District Court on the alcohol charge. The deputy district attorney requested a continuance to determine if the municipal ordinance offense should be consolidated with the drug charge. The case was continued until July 24, 1979. On that day, trial was held. Defendant was convicted on the alcohol charge and sentenced to pay a $25 fine. He was subsequently convicted of the drug offense in circuit court after making appropriate motions concerning former jeopardy.

Defendant's first assignment of error is that the trial court erred in refusing to suppress the physical

evidence (the drugs) seized from him at the time of his arrest. This assignment is not well taken. Defendant was validly under arrest. The arrest was a full custody arrest. The defendant was to be taken to jail. The search was a search incident to arrest. *See State v. Florance,* 270 Or 169, 527 P2d 1202 (1974).

Defendant's second assignment of error is that the court erred in refusing to dismiss the drug charge on the ground of former jeopardy.

The statutory rule concerning former jeopardy is ORS 131.515.[1] That statute sets out three criteria for the application of the former jeopardy rule: (1) the charges must arise out of the same criminal episode; (2) the several offenses must be known to the appropriate prosecutor at the time of commencement of the first prosecution; (3) the charges must establish proper venue in a single court. *See also State v. Brown,* 262 Or 442, 497 P2d 1191 (1972). The first two issues are undisputed: the charges arose out of the same criminal episode and they were all known to the prosecutor at the same time. The sole issue in this cases is whether both offenses, the city code alcohol violation and the felony drug charge, could have been tried in a single court.

The Multnomah County District Court has jurisdiction of all Portland City Ordinance violations. ORS

---

[1] ORS 131.515 states:

"(1) No person shall be prosecuted twice for the same offense.

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution and establish proper venue in a single court.

"(3) If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the judgment of conviction is subsequently reversed or set aside."

46.045.[2] The district court could not, however, try the felony charge. Our inquiry then becomes whether the Multnomah County Circuit Court had jurisdiction to try the Portland City Ordinance violation.

We hold that it did not. Normally, a municipal court is the only court which can try violations of its own city's ordinances. An exception exists in the City of Portland where the Multnomah County District Court is authorized to hear such cases. The district court's jurisdiction is purely a product of statute; without it, jurisdiction would have remained in municipal court. The jurisdictional statute did not extend the jurisdiction to try municipal ordinance violations to the circuit court. Without such statutory authorization, the circuit court never acquired jurisdiction to hear such cases. Accordingly, the two charges in this case could not have been tried together and one prong of the test of ORS 131.515 and *State v. Brown, supra,* is not met. *See State v. Sleeper,* 36 Or App 227, 584 P2d 333 (1978).

Affirmed.

---

[2] ORS 46.045 states:

"(1) The district court for a county within the boundaries of which there is situated the largest part of a city having a population of more than 300,000 shall have all judicial jurisdiction, authority, powers, functions and duties of the municipal court of each such city and the judges thereof with respect to all violations of the charter and ordinances of each such city.

"(2) All fees, fines, bail forfeitures and other moneys collected and received by a district court in matters, causes and proceedings with respect to all violations over which such district court is granted judicial jurisdiction by subsection (1) of this section shall be collected, handled and disposed of by the clerk of such district court as otherwise provided by law for moneys collected and received by such district court."